# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re: JANE K. SWIBEL § Case No. 09-17653
§
§
Debtors §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under chapter 7 of the United States Bankruptcy Code on 05/19/2009. [The case was converted to one under Chapter 7 on _____.] The undersigned trustee was appointed on 06/08/2009.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                      $35,000.00

   Funds were disbursed in the following amounts:

   Administrative expenses                    $0.00
   Payments to creditors                      $0.00
   Non-estate funds paid to 3rd Parties       $0.00
   Exemptions paid to the debtor              $0.00

   Leaving a balance on hand of               $35,000.00

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

UST Form 101-7-TFR (4/1/2009)

6. The deadline for filing claims in this case was 10/06/2009_____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $4,250.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $4,250.00, for a total compensation of $4,250.00. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $8.98, for total expenses of $8.98.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 10/28/2009      By: /s/ ALLAN J. DeMARS
                          Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-TFR (4/1/2009)**

**EXHIBIT "A" FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Case No. 09-17653　　　　　　　　　　　　　　　　　　　　　　　　Trustee Name: Allan J. DeMars

Case Name: JANE K. SWIBEL　　　　　　　　　　　　　　　　　　　Date Filed (f) or Converted (c): 5/15/09 (F)

For Period Ending: 12/31/09　　　　　　　　　　　　　　　　　　§341(a) Meeting Date: 6/29/09

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Claims Bar Date: 10/6/09

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) Ref # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§ 554(a) abandon DA=§ 554(c) abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1　cash | 100.00 | 0.00 | DA | | FA |
| 2　checking account | 100.00 | 0.00 | DA | | FA |
| 3　security deposit | 1,000.00 | 0.00 | DA | | FA |
| 4　furniture | 350.00 | 0.00 | DA | | FA |
| 5　books/pictures | 350.00 | 0.00 | DA | | FA |
| 6　wearing apparel | 350.00 | 0.00 | DA | | FA |
| 7　IRA | 1.00 | 0.00 | DA | | FA |
| 8　1999 Buick LeSabre | 1,000.00 | 0.00 | DA | | FA |
| 9　interest in husband's marital property(u) | 35,000.00 | 35,000.00 | | 35,000.00 | FA |

TOTALS (Excluding unknown values)　　　　　　　　　　35,000.00　　　　　　　　　　35,000.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing: Divorce court division of assets

Initial Projected Date of Final Report (TFR): 10/09　　　　　Current Projected Date of Final Report (TFR): 10/28/09

EXHIBIT "A" - FORM 2
**CASH RECEIPTS AND DISBURSEMENT RECORDS**

Case No.: 09-B-17653　　　　　　　　　　　　　　　　　Trustee's Name: Allan J. DeMars
Case Name: JANE K. SWIBEL　　　　　　　　　　　　　　Bank Name: Bank of America
Taxpayer ID#: 27-6277964　　　　　　　　　　　　　　　Initial CD #: CDI
For Period Ending: 12/31/09　　　　　　　　　　　　　Blanket bond (per case limit): 5,000,000
　　　　　　　　　　　　　　　　　　　　　　　　　　Separate bond (if applicable):
　　　　　　　　　　　　　　　　　　　　　　　　　　Checking Acct#: 375 556 2256

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Money Market Balance |
| 10/26/09 | Ref 9 | Feinberg & Berry clients' trust account | debtor's interest in marital property pursuant to settlement agreement in Divorce Court | 1290-000 | 35,000.00 | | 35,000.00 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

　　　　　　　　　　　　　　　　　　　　　　　COLUMN TOTALS　　35,000.00　　　　　　　　　　35,000.00
　　　　　　　　　　　　　　　　　　Less: Bank transfers/CD
　　　　　　　　　　　　　　　　　　 Subtotal
　　　　　　　　　　　　　　　　　　Less: Payments to debtor(s)
　　　　　　　　　　　　　　　　　　Net　　　　　　　　　　　35,000.00　　　　　　　　　　35,000.00

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　NET
　　　　　　　　　TOTAL - ALL ACCOUNTS　　　　　　　NET DEPOSITS　 DISBURSEMENTS　　BALANCES
　　　　　　　　　Checking# 375 556 2256　　　　　　　35,000.00　　　　　　　　　　35,000.00
　　　　　　　　　Money Market #
　　　　　　　　　Savings #
　　　　　　　　　CD #CDI
　　　　　　　　　Net　　　　　　　　　　　　　　　　　35,000.00　　　　　　　　　　35,000.00
　　　　　　　　　　　　　　　　　　　　　　　　　Excludes account　 Excludes payments　 Total Funds
　　　　　　　　　　　　　　　　　　　　　　　　　　transfers　　　　　to debtor　　　　　on Hand

Exhibit D

## TRUSTEE'S PROPOSED DISTRIBUTION

Case No.: 09-17653
Case Name: JANE K. SWIBEL
Trustee Name: ALLAN J. DeMARS

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| NONE | $0.00 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| Trustee   ALLAN J. DeMARS | $4,250.00 | $8.98 |
| Attorney for trustee   ALLAN J. DeMARS | $3,632.25 | |
| Appraiser | | |
| Auctioneer | | |
| Accountant | | |
| Special Attorney for trustee | | |
| Charges, U.S. Bankruptcy Court | | |
| Fees, United States Trustee | | |
| Other | | |

UST Form 101-7-TFR (4/1/2009)

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Fees | Expenses |
|---|---|---|
| Attorney for debtor | | |
| Attorney for | | |
| Accountant for | | |
| Appraiser for | | |
| Other | | |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling _____$0.00_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | $0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling _____$119,866.23_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be __22.6__ percent.

Timely allowed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 1 | Capital One Bank (USA) NA | $32,433.75 | $7,335.17 |
| 2 | Chase Bank USA, NA | $10,788.83 | $2,439.99 |
| 3 | Chase Bank USA, NA | $16,417.32 | $3,712.92 |

UST Form 101-7-TFR (4/1/2009)

| | | | |
|---|---|---|---|
| 4 | Chase Bank USA, NA | $19,606.21 | $4,434.11 |
| 5 | Chase Bank USA, NA | $4,559.85 | $1,031.25 |
| 6 | Chase Bank USA, NA | $8,848.00 | $2,001.05 |
| 7 | PYOD LLC, as assignee of Citibank | $15,788.62 | $3,570.73 |
| 8 | FIA Card Services successor to Bank of America and MBNA America Bank | $11,423.65 | $2,583.55 |

UST Form 101-7-TFR (4/1/2009)

Late filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | $0.00 |

Subordinated unsecured claims for fines, penalties, and forfeitures are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | $0.00 |

The amount of surplus returned to the debtor after payment of all claims and interest is $0.00.

UST Form 101-7-TFR (4/1/2009)